TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ARON KETCHEL
Arizona State Bar No. 038421
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Aron.Ketchel@usdoj.gov
Attorneys for Plaintiff

FILED ☒    LODGED ☐

# Apr 08 2026

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR26-00330-PHX-DWL (DMF) |
|---|---|
| Plaintiff, | **INFORMATION** |
| vs. | VIO:    18 U.S.C. § 1343 |
| Mark David Latham, | (Wire Fraud) |
| Defendant. | Count 1 |
| | 18 U.S.C. § 981(a)(1)(C) |
| | 21 U.S.C. § 853 |
| | 28 U.S.C. § 2461(c) |
| | (Forfeiture Allegations) |

THE UNITED STATES ATTORNEY'S OFFICE CHARGES:

**BACKGROUND**

At all times material to this Information:

1.    MARK DAVID LATHAM is an individual and resident of Arizona. LATHAM was employed by P.S.C. as a Finance Director between 2001 and March 2025, when he was terminated by P.S.C.

2.    P.S.C is an Arizona-based company in the software and hardware development company with operations domestically and internationally.

3.    When LATHAM was employed at P.S.C., between March 2009 and January 2025, LATHAM used the P.S.C. company bank account to pay for LATHAM'S personal

credit card charges.  LATHAM used his personal credit card for everyday living expenses and used P.S.C.'S funds to pay his credit card bill.

4.    Over approximately 17 years, LATHAM embezzled approximately $10,752,535 from P.S.C. through approximately 489 credit card payments, all for his personal gain.

## COUNT 1
## WIRE FRAUD
## (18 U.S.C. § 1343)

5.    Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

6.    Beginning in or about March 2009, and continuing through in or about January 2025, in the District of Arizona and elsewhere, Defendant MARK DAVID LATHAM knowingly and willfully devised and intended to devise a scheme and artifice to defraud P.S.C. and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by intentional concealment and omission of material facts.

7.    On or about January 30, 2023, LATHAM, for the purpose of executing the scheme and attempting to do so, knowingly charged his Chase Bank credit card $38,939 to Vivid Seats for Super Bowl 57 tickets.

8.    On or about January 30, 2023, LATHAM, for the purpose of executing the scheme and attempting to do so, did knowingly transmit and caused to be transmit signals and sounds by means of wire communication in interstate commerce when he accessed the P.S.C. bank account and submitted two payments to his Chase Bank credit card for a total of $40,000 to cover most of the cost of the Super Bowl 57 tickets.

All in violation of 18 U.S.C. § 1343.

///

///

///

**FORFEITURE ALLEGATIONS**
**18 U.S.C. § 981(a)(1)(C);**
**21 U.S.C. § 853; 28 U.S.C. § 2461(c)**

9. The factual allegations in Count 1 and in the preceding paragraphs of this Information are re-alleged and incorporated as though fully set forth herein.

10. Pursuant to Title 18, United States Code, Sections 981, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of the offense alleged in Count 1 of this Information, defendant shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense, or any property traceable to such property involved in the offense, or conspiracy to commit such offense, including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 981, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations, including, but not limited to the sum of money representing the amount of money involved in the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Section 981, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

Respectfully submitted this 8th day of April, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

Digitally signed by ARON KETCHEL
Date: 2026.04.08 08:56:29 -07'00'

ARON KETCHEL
Assistant U.S. Attorney